**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00299-CR**
_____

**JOSE CARABALLO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause No. 22-04-04881-CR**
_____

**MEMORANDUM OPINION**

Jose Caraballo appeals his conviction for evading arrest or detention with a vehicle, a third-degree felony. *See* Tex. Penal Code Ann. § 38.04(b)(2). After filing the notice of appeal, the trial court appointed an attorney to represent Caraballo in his appeal. The attorney discharged his responsibilities to Caraballo by filing an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967).

In the brief, Caraballo's attorney represents there are no arguable reversible errors to be addressed in Caraballo's appeal. *See id*.; *High v. State*, 573 S.W.2d 807

1

(Tex. Crim. App. 1978). The brief the attorney filed contains a professional evaluation of the record. In the brief, Caraballo's attorney explains why, under the record in Caraballo's case, no arguable issues exist to reverse the trial court's judgment. *Id*. Caraballo's attorney also represented that he sent Caraballo a copy of the brief and the record. When the brief was filed, the Clerk of the Ninth Court of Appeals notified Caraballo, by letter, that he could file a pro se brief or response with the Court on or before March 11, 2024. Caraballo did not file a response.

When an attorney files an *Anders* brief, we are required to independently examine the record and determine whether the attorney assigned to represent the defendant has a non-frivolous argument that would support the appeal. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). After reviewing the clerk's record, the reporter's record, and the attorney's brief, we agree there are no arguable grounds to support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Thus, it follows the appeal is frivolous. *Id*. at 826-27. For that reason, we need not require the trial court to appoint another attorney to re-brief the appeal. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

The trial court's judgment is affirmed.[1]

AFFIRMED.

KENT CHAMBERS
Justice

Submitted on June 27, 2024
Opinion Delivered August 28, 2024
Do Not Publish

Before Johnson, Wright and Chambers, JJ.

---

[1]Caraballo may challenge our decision in the case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

3